## PIERCE vs. PAYNE.

*Sixth District Court for Sacramento Co., Feb. T.,* 1858.

### FORECLOSURE—MULTIFARIOUSNESS.

Two mortgages, executed by the same party, may be foreclosed by one bill, although they may not be executed upon the same premises.

On demurrer. The material facts are sufficiently referred to in the opinion.

*Moore & Welty,* for plaintiff.

*Wallace & Rayle,* for defendant.

BOTTS, J.—This is a bill to foreclose two mortgages, both executed by the defendant, the one direct to the plaintiff, and the other coming to him by assignment. The defendant demurred to the bill on the ground of multifariousness.

In *Curtis* v. *Tyler,* (9 *Paige,*) a bill was filed to foreclose two mortgages, executed by the defendant at different times, to different parties, both resting in the plaintiff by assignment. Chancellor *Walworth* held that the bill was not objectionable on the ground of multifariousness. It is true in that case stress was laid upon the fact that both mortgages rested upon the same premises; but our statute specifically authorizes the union of two claims against one defendant, for the recovery of separate pieces of property, and it may be held by distinct titles. If this can be done in an action at law, I do not see why the foreclosure of these two mortgages may not be united in a bill in equity. I can readily perceive that such a practice may lead to great complexity and involve a variety of issues; but our statute seems to prefer economy to convenience, and upon this view the supreme court appear to have acted in *Walker* v. *Sedgwick,* 7 *Cal., Oct. T.*

The demurrer is overruled as to the defendant *Payne,* but is sustained as to *Payne's* wife and *Rogers,* there appearing no reason for making them parties to the bill.